MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:   (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:       Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | No. CR 4-15-70235 MAG |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| NAIFARM SAECHAO, | |
| Defendant. | Current Hearing Date:  July 10, 2015<br>Proposed Hearing Date:  August 21, 2015 |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Naifarm Saechao (Saechao), by and through his counsel of record, Assistant Federal Public Defender Joyce Leavitt, hereby stipulate as follows:

     1.     Defendant is charged in a federal criminal complaint with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Defendant has been arraigned on the criminal complaint. On April 24, 2015, defendant waived his right to a preliminary hearing under

Federal Rule of Criminal Procedure 5.  Defendant also agreed to exclude the time period of April 24, 2015, to May 22, 2015, to be charged by indictment or information under 18 U.S.C. § 3161(b).  Defendant thereafter agreed to exclude the time period of May 22, 2015, to July 10, 2015, to be charged by indictment or information under 18 U.S.C. § 3161(b).  A hearing for arraignment on indictment or information is presently set for Friday, July 10, 2015.

2. The government has produced discovery relating to defendant's arrest and criminal history and anticipates producing additional discovery.  The government and defendant are exploring the potential for a pre-indictment disposition.  Counsel for defendant Saechao requires additional time to obtain and review discovery and in light of that discovery to discuss and negotiate a potential pre-indictment disposition for defendant.  In addition, defendant is presently serving a state prison sentence at San Quentin State Prison and will subsequently be transferred to the Martinez Detention Facility based on a hold from Contra Costa County Superior Court.

3. Thus, counsel for defendant Saechao represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-indictment and/or pre-trial motions, review the discovery already produced and soon to be produced, as well as potential evidence in the case, and prepare for trial in the event that a pre-indictment resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The parties agree that the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

4. For purposes of computing the date under the Speedy Trial Act by which defendant must be charged by indictment or information, the parties agree that the time period of July 10, 2015, to August 21, 2015, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the

ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

IT IS SO STIPULATED.

Dated: July 6, 2015

MELINDA HAAG
United States Attorney

   /S/
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

 /S/ *via e-mail authorization on 7/1/2015*            7/1/2015
JOYCE LEAVITT                                          Date
Attorney for Defendant
Naifarm Saechao

## [~~PROPOSED~~] ORDER

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for arraignment on information or indictment in this matter scheduled for July 10, 2015, is continued to 9:30 a.m. on Friday, August 21, 2015, before the Honorable Donna M. Ryu, United States Magistrate Judge. The time period of July 10, 2015, to August 21, 2015, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

7/2/15
DATE

HONORABLE KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

4